**F I L E D**
CLERK, U.S. DISTRICT COURT

06/03/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

TRACY L. WILKISON
United States Attorney
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
BENJAMIN D. LICHTMAN (Cal. Bar No. 241135)
Assistant United States Attorney
    United States Courthouse
    411 West 4th Street, Suite 8000
    Santa Ana, California 927012
    Telephone: (714) 338-3530
    Facsimile: (714) 338-3561
    E-mail:   benjamin.lichtman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 8:22-cr-00075-JWH |
|---|---|
|       Plaintiff, | PLEA AGREEMENT FOR DEFENDANT GURCHARAN SINGH |
|          v. | |
| GURCHARAN SINGH, | |
|       Defendant. | |

1.   This constitutes the plea agreement between GURCHARAN SINGH ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

    a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to an information charging defendant

with two counts of making a false statement in a tax return, in violation of 26 U.S.C. § 7206(1).

     b. Not contest facts agreed to in this agreement.

     c. Abide by all agreements regarding sentencing contained in this agreement.

     d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

     e. Not commit any crime or any act constituting obstruction of justice; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

     f. Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

     g. Make restitution to the United States (Internal Revenue Service):

     i. Restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full. The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). Defendant does not have the right to challenge the amount of this restitution-based assessment. See 26

U.S.C. § 6201(a)(4)(C).  Neither the existence of a restitution payment schedule nor defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment.

ii.  Defendant agrees to send all payments made pursuant to the Court's restitution order to the following address: Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.

iii. With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, defendant will provide the following information: (1) Defendant's name and Social Security number; (2) The District Court and the docket number assigned to this case; (3) Tax year(s) or period(s) for which restitution has been ordered; and (4) A statement that the payment is being submitted pursuant to the District Court's restitution order. Defendant agrees to include a request that the Clerk of the Court send the information, along with Defendant's payments, to the IRS address below: IRS - RACS Attn: Mail Stop 6261, Restitution 333 W. Pershing Ave. Kansas City, MO 64108.

iv.  Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address: - 27 - IRS - RACS Attn: Mail Stop 6261, Restitution 333 W. Pershing Ave. Kansas City, MO 64108.

h.  Defendant admits that defendant received a total of $6,352,795 in unreported income for 2017 and 2018.  Defendant agrees that:

i.    Defendant will file, prior to the time of sentencing, amended returns for the years subject to the above admissions, correctly reporting the $6,352,795 in unreported income; will, if requested to do so by the Internal Revenue Service, provide the Internal Revenue Service with information regarding the years covered by the returns; will pay to the Fiscal Clerk of the Court at or before sentencing all additional taxes and all penalties and interest assessed by the Internal Revenue Service on the basis of the returns; and will promptly pay to the Fiscal Clerk of the Court all additional taxes and all penalties and interest thereafter determined by the Internal Revenue Service to be owing as a result of any computational error(s).

ii.    Nothing in this agreement forecloses or limits the ability of the Internal Revenue Service to examine and make adjustments to defendant's returns after they are filed.

iii. Defendant will not, after filing the returns, file any claim for refund of taxes, penalties, or interest for amounts attributable to the returns filed in connection with this plea agreement.

iv.    Defendant is liable for the fraud penalty imposed by the Internal Revenue Code, 26 U.S.C. § 6663, on the understatement of tax liability for 2017 and 2018.

v.    Defendant gives up any and all objections that could be asserted to the Examination Division of the Internal Revenue Service receiving materials or information obtained during the criminal investigation of this matter, including materials and information obtained through grand jury subpoenas.

vi.   Defendant will sign closing agreements with the Internal Revenue Service contemporaneously with the signing of this plea agreement, permitting the Internal Revenue Service to assess and collect the total sum of $2,569,636 for the defendant's tax years 2017 and 2018, which comprises the tax liabilities, as well as assess and collect the civil fraud penalties for defendant's tax years 2017 and 2018 and statutory interest, on the tax liabilities, as provided by law.

i.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

3.   Defendant further agrees to cooperate fully with the USAO, the United States Attorney's Office for the District of Utah, the Internal Revenue Service Criminal Investigation Division, the United States Department of Justice Tax Division and Money Laundering and Asset Recovery Section, the Federal Bureau of Investigation, and, as directed by the USAO, any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority. This cooperation requires defendant to:

a.   Respond truthfully and completely to all questions that may be put to defendant, whether in interviews, before a grand jury, or at any trial or other court proceeding.

b.   Attend all meetings, grand jury sessions, trials or other proceedings at which defendant's presence is requested by the USAO or compelled by subpoena or court order.

c.   Produce voluntarily all documents, records, or other tangible evidence relating to matters about which the USAO, or its designee, inquires.

4.    For purposes of this agreement: (1) "Cooperation Information" shall mean any statements made, or documents, records, tangible evidence, or other information provided, by defendant pursuant to defendant's cooperation under this agreement; and (2) "Plea Information" shall mean any statements made by defendant, under oath, at the guilty plea hearing and the agreed to factual basis statement in this agreement.

<u>THE USAO'S OBLIGATIONS</u>

5.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court is 19 or higher, and provided that the Court does not depart downward in offense level or in criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A, without regard to reductions in the term of imprisonment that may be permissible through the substitution of community confinement or home

detention as a result of the offense level falling within Zone B or Zone C of the Sentencing Table.

    6.   The USAO further agrees:

       a.   Not to offer as evidence in its case-in-chief in the above-captioned case or any other criminal prosecution that may be brought against defendant by the USAO, or in connection with any sentencing proceeding in any criminal case that may be brought against defendant by the USAO, any Cooperation Information. Defendant agrees, however, that the USAO may use both Cooperation Information and Plea Information: (1) to obtain and pursue leads to other evidence, which evidence may be used for any purpose, including any criminal prosecution of defendant; (2) to cross-examine defendant should defendant testify, or to rebut any evidence offered, or argument or representation made, by defendant, defendant's counsel, or a witness called by defendant in any trial, sentencing hearing, or other court proceeding; and (3) in any criminal prosecution of defendant for false statement, obstruction of justice, or perjury.

       b.   Not to use Cooperation Information against defendant at sentencing for the purpose of determining the applicable guideline range, including the appropriateness of an upward departure, or the sentence to be imposed, and to recommend to the Court that Cooperation Information not be used in determining the applicable guideline range or the sentence to be imposed. Defendant understands, however, that Cooperation Information will be disclosed to the United States Probation and Pretrial Services Office and the Court, and that the Court may use Cooperation Information for the purposes set forth in U.S.S.G § 1B1.8(b) and for determining the sentence to be imposed.

c.    In connection with defendant's sentencing, to bring to the Court's attention the nature and extent of defendant's cooperation.

d.    If the USAO determines, in its exclusive judgment, that defendant has both complied with defendant's obligations under paragraphs 2 and 3 above and provided substantial assistance to law enforcement in the prosecution or investigation of another ("substantial assistance"), to move the Court pursuant to U.S.S.G. § 5K1.1 to fix an offense level and corresponding guideline range below that otherwise dictated by the sentencing guidelines, and to recommend a term of imprisonment within this reduced range.

DEFENDANT'S UNDERSTANDINGS REGARDING COOPERATION

7.    Defendant understands the following:

a.    Any knowingly false or misleading statement by defendant will subject defendant to prosecution for false statement, obstruction of justice, and perjury and will constitute a breach by defendant of this agreement.

b.    Nothing in this agreement requires the USAO or any other prosecuting, enforcement, administrative, or regulatory authority to accept any cooperation or assistance that defendant may offer, or to use it in any particular way.

c.    Defendant cannot withdraw defendant's guilty pleas if the USAO does not make a motion pursuant to U.S.S.G. § 5K1.1 for a reduced guideline range or if the USAO makes such a motion and the Court does not grant it or if the Court grants such a USAO motion but elects to sentence above the reduced range.

d.    At this time the USAO makes no agreement or representation as to whether any cooperation that defendant has

provided or intends to provide constitutes or will constitute substantial assistance.  The decision whether defendant has provided substantial assistance will rest solely within the exclusive judgment of the USAO.

e.    The USAO's determination whether defendant has provided substantial assistance will not depend in any way on whether the government prevails at any trial or court hearing in which defendant testifies or in which the government otherwise presents information resulting from defendant's cooperation.

### NATURE OF THE OFFENSES

8.    Defendant understands that for defendant to be guilty of making a false statement in a tax return in violation of Title 26, United States Code, Section 7206(1), the following must be true: (1) defendant made and signed a tax return that he knew contained false information as to a material matter; (2) the return contained a written declaration that it was being signed subject to the penalties of perjury; and (3) in filing the false tax return, defendant acted willfully.

### PENALTIES AND RESTITUTION

9.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 26, United States Code, Section 7206(1) is: 3 years of imprisonment; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; a 3-year period of supervised release; a mandatory special assessment of $100; and a mandatory order of restitution to the United States.

10.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is:

6 years of imprisonment; a 3-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

11.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

12.  Defendant understands that the Court may order defendant to pay restitution as a condition of supervised release or probation to the United States (Internal Revenue Service) in the form of any additional taxes, interest, and penalties that defendant owes to the United States as provided above.

13.  Defendant agrees that the amount of restitution in this case, which defendant agrees that the Court may order him to pay to the United States (Internal Revenue Service), is $2,569,636.

14.  Defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.  Defendant further understands that if the Court orders the defendant to pay restitution to the IRS for tax losses, either directly as a part of the sentence or as a condition of supervised release, the IRS has the statutory right (26 USC § 6201(a)(4)) to use such restitution order as the basis for a civil assessment and the

defendant does not have the right to challenge such civil assessment or civil collection of such assessment by the IRS.

15.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

16.   Defendant understands that, if defendant is not a United States citizen, the felony convictions in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony convictions in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty pleas.

<u>FACTUAL BASIS</u>

17.   Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant

11

and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 19 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

For the tax year 2017, defendant subscribed to a false tax return by failing to report $3,856,456 in income that he had received, resulting in defendant failing to pay a total of $1,612,534 in taxes due and owing.

Specifically, on or about September 7, 2018, in Orange County, within the Central District of California, defendant signed a U.S. Individual Income Tax Return ("Form 1040") for the calendar year 2017, which was verified under penalty of perjury to be true and correct, and defendant then caused that tax return to be electronically filed with the IRS.  In this return, defendant stated on Line 22 that his total income was $44,865.

Defendant willfully and intentionally omitted that in the 2017 calendar year, he received income from Globus Relief Fund, which income was deposited to a bank account in the name of Mickle Group Ltd. that defendant controlled, in the amount of $3,856,456. Accordingly, when defendant signed his 2017 tax return, defendant knew it contained false information as to a material matter, as defendant under-reported his income from 2017 by $3,856,456, resulting in $1,612,534 in additional taxes due and owing.

For the tax year 2018, defendant subscribed to a false tax return by failing to report $2,496,339 in income that he had

received, resulting in defendant failing to pay a total of $957,102 in taxes due and owing.

Specifically, on or about October 14, 2019, in Orange County, within the Central District of California, defendant signed a Form 1040 for the calendar year 2018, which was verified under penalty of perjury to be true and correct, and defendant then caused that tax return to be electronically filed with the IRS.  In this return, defendant stated on Line 6 that his total income was $59,856.

Defendant willfully and intentionally omitted that in the 2018 calendar year, he received income from Globus Relief Fund, which income was deposited to a bank account in the name of Mickle Group Ltd. that defendant controlled, in the amount of $2,496,339. Accordingly, when defendant signed his 2018 tax return, defendant knew it contained false information as to a material matter, as defendant under-reported his income from 2018 by $2,496,339, resulting in $957,102 in additional taxes due and owing.

In total, for the tax years 2017 and 2018, defendant under-reported his income by $6,352,795, resulting in $2,569,636 in additional taxes due and owing.

<u>SENTENCING FACTORS</u>

18.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the

Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

19.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:    22   [U.S.S.G. §§ 2T1.1(a)(1), 2T4.1(I)] Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

20.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

21.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

22.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel – and if necessary have the Court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

                    <u>WAIVER OF APPEAL OF CONVICTION</u>

23.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

              <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

24.   Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment

imposed by the Court, provided it is no more than the high end of the Sentencing Guidelines range calculated by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $2,569,636; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

25.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, that newly discovered evidence purportedly supports defendant's innocence, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

26.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

27.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement, including in particular its obligations regarding the use of Cooperation Information; and (b) in any investigation, criminal prosecution, or civil, administrative, or regulatory action, defendant agrees that any Cooperation Information and any evidence derived from any Cooperation Information shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, or any federal rule, that any Cooperation Information or any evidence derived from any Cooperation Information should be suppressed or is inadmissible.

<u>EFFECTIVE DATE OF AGREEMENT</u>

28.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.  Defendant understands that this agreement is contingent upon the approval of the Tax Division of the United States Department of Justice, and that an Assistant United States Attorney may not sign it unless and until such approval is granted.

1

BREACH OF AGREEMENT

2      29.  Defendant agrees that if defendant, at any time after the

3  signature of this agreement and execution of all required

4  certifications by defendant, defendant's counsel, and an Assistant

5  United States Attorney, knowingly violates or fails to perform any of

6  defendant's obligations under this agreement ("a breach"), the USAO

7  may declare this agreement breached.  For example, if defendant

8  knowingly, in an interview, before a grand jury, or at trial, falsely

9  accuses another person of criminal conduct or falsely minimizes

10  defendant's own role, or the role of another, in criminal conduct,

11  defendant will have breached this agreement.  All of defendant's

12  obligations are material, a single breach of this agreement is

13  sufficient for the USAO to declare a breach, and defendant shall not

14  be deemed to have cured a breach without the express agreement of the

15  USAO in writing.  If the USAO declares this agreement breached, and

16  the Court finds such a breach to have occurred, then:

17      a.  If defendant has previously entered guilty pleas

18  pursuant to this agreement, defendant will not be able to withdraw

19  the guilty pleas.

20      b.  The USAO will be relieved of all its obligations under

21  this agreement; in particular, the USAO: (i) will no longer be bound

22  by any agreements concerning sentencing and will be free to seek any

23  sentence up to the statutory maximum for the crimes to which

24  defendant has pleaded guilty; and (ii) will no longer be bound by any

25  agreement regarding the use of Cooperation Information and will be

26  free to use any Cooperation Information in any way in any

27  investigation, criminal prosecution, or civil, administrative, or

28  regulatory action.

1          c.    The USAO will be free to criminally prosecute

2    defendant for false statement, obstruction of justice, and perjury

3    based on any knowingly false or misleading statement by defendant.

4          d.    In any investigation, criminal prosecution, or civil,

5    administrative, or regulatory action: (i) defendant will not assert,

6    and hereby waives and gives up, any claim that any Cooperation

7    Information was obtained in violation of the Fifth Amendment

8    privilege against compelled self-incrimination; and (ii) defendant

9    agrees that any Cooperation Information and any Plea Information, as

10   well as any evidence derived from any Cooperation Information or any

11   Plea Information, shall be admissible against defendant, and

12   defendant will not assert, and hereby waives and gives up, any claim

13   under the United States Constitution, any statute, Rule 410 of the

14   Federal Rules of Evidence, Rule 11(f) of the Federal Rules of

15   Criminal Procedure, or any other federal rule, that any Cooperation

16   Information, any Plea Information, or any evidence derived from any

17   Cooperation Information or any Plea Information should be suppressed

18   or is inadmissible.

19        COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

20                        OFFICE NOT PARTIES

21        30.   Defendant understands that the Court and the United States

22   Probation and Pretrial Services Office are not parties to this

23   agreement and need not accept any of the USAO's sentencing

24   recommendations or the parties' agreements to facts or sentencing

25   factors.

26        31.   Defendant understands that both defendant and the USAO are

27   free to: (a) supplement the facts by supplying relevant information

28   to the United States Probation and Pretrial Services Office and the

Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 19 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

32.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

33.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional

1  promise, understanding, or agreement may be entered into unless in a

2  writing signed by all parties or on the record in court.

3           PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

4       34.  The parties agree that this agreement will be considered

5  part of the record of defendant's guilty plea hearing as if the

6  entire agreement had been read into the record of the proceeding.

7  AGREED AND ACCEPTED

8  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
9  CALIFORNIA

10 TRACY L. WILKISON
   United States Attorney

11

12  *Benjamin Lichtman*                           5/25/22

13  BENJAMIN D. LICHTMAN                          Date
    Assistant United States Attorney

14  *Gurcharan Singh*                             05/25/22

15  GURCHARAN SINGH                               Date
    Defendant.

16  *Lisa Rasmussen*                              05/24/22

17  LISA RASMUSSEN                                Date
    Attorney for Defendant
18  GURCHARAN SINGH

19

20

21

22

23

24

25

26

27

28

                              21

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          05/25/22
GURCHARAN SINGH                           Date
Defendant

22

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am GURCHARAN SINGH's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.


LISA RASMUSSEN                          Date  5/24/22
Attorney for Defendant
GURCHARAN SINGH